## WILLIAM J. FARNSWORTH *vs.* DAVID L. TAYLOR & others.

A deed bounding land on a street, delineated on a plan referred to in the deed, exhibited at the sale, and subsequently recorded by the grantor in the registry of deeds, estops the grantor and those claiming under him to deny the existence of the street of the full width and extent laid down on the plan.

The owner of a tract of land laid it out into streets and house lots, and sold the lots by auction on the premises; and distributed at the sale, and recorded in the registry of deeds, a plan, on which the streets and house lots were delineated; and referred to said plan in his deeds, one of which bounded the land conveyed " on a forty feet street laid down on said plan, and called Y. Street," which street on the plan was forty feet wide except *towards* its termination in V. Street, where it grew wider. *Held*, that the grantor and those claiming under him were estopped to shut up any part of said street as shown on the plan, even *outside of the width of forty feet*, and although the selectmen had laid out Y. Street only forty feet wide throughout; and that the subsequent narrowing of V. Street by the county commissioners did not affect the rights of the parties.

ACTION OF TORT for breaking and entering the plaintiff's close in Melrose. The parties submitted to the court the question whether the action could be maintained upon the following statement of facts:

James Pratt in his lifetime was seised in fee of the premises on which it is alleged that the trespass was committed, and of other land around and adjoining the same; and in 1846, while so seised, caused to be made a plan of said premises, laying out the same into streets and house lots; and on the 8th of May 1846 sold the lots so laid out by public auction on the premises, using and distributing at the sale a certain plan, a copy of which was also recorded in the Middlesex registry of deeds; and also representing at the time and place of sale that the streets were to be and remain open as represented upon said plan; and made deeds to the purchasers of said lots, in which reference was made to the plan so recorded.

Upon the plan were delineated twenty three lots, and the streets by which they were bounded. One of these streets, called Youle Street, was forty feet wide on the plan, except towards its eastern termination, where its side lines gradually diverged so that its width where it entered Vinton Street was seventy feet. Upon the plan was a memorandum that of certain streets other than Youle and Vinton Streets "the lines may vary slightly from the plan." So much of the plan as is necessary to the understanding of this case is copied in the margin.* The dotted lines indicate the subsequent alterations of the streets by the selectmen and the county commissioners as mentioned below.

One of these deeds was to Lucius Beebe, of five "lots num-bered twelve, thirteen," and three others, "on a plan of lands belonging to said James Pratt, sold by public auction on the 8th inst., a copy of which plan is deposited in the registry of deeds for said county of Middlesex for the purpose of reference," and "bounded. and described as follows, to wit: beginning at a point on a forty feet street laid down on said plan, and called Youle Street, by the corner of lot numbered fourteen," thence running northwardly, westwardly and southwardly by other lots and streets on said plan, and finally by lot number 11 "to said Youle Street, thence turning and running easterly again by said Youle Street to the point of beginning, together with all the rights, easements, privileges and appurtenances to the same belonging." The defendants derived their title from Beebe, and at the time of the alleged trespass were seised in fee of lots 12 and 13, and owned and occupied dwelling houses thereon.

The selectmen of the town of Melrose afterwards viewed and laid out Youle Street as a town way of the uniform width of forty feet, and the same was duly accepted by the town. And the county commissioners altered Vinton Street north of Youle Street by narrowing it on the west side, leaving it forty feet wide; but Vinton Street was never built according to such alterations.

In 1855 the plaintiff acquired the title of James Pratt in the lot numbered 16, bounded on the east on "Vinton Street, on the line recently established by the county commissioners, until it intersects Youle Street; thence running by the north side of Youle Street to land numbered lot 15 on a plan of lots hereto-fore recorded; thence running northerly," &c.

The land upon which the alleged trespass was committed is outside of the town way as laid out by said town, and within the limits of Youle Street as laid out and represented on said plan; and, from the time of being laid out as a part of Youle Street by Pratt as represented on said plan, remained open, and was travelled over, without objection, by the defendants and others going in or out of said town way, until 1856, when the

plaintiff erected a fence on the northerly side of said town way, and within the limits of Youle Street as laid out and represented on said plan, extending to Vinton Street; and the defendants requested him to remove so much of said fence as was within their limits, which he refused to do ; and the defendants then removed that portion of the fence, and placed it upon the plaintiff's adjoining land, and entered upon, and ploughed up, and made into a street or way for travel, a portion of the land lying between the northerly line of said Youle Street as laid out and represented on said plan and the northerly line of said town way, without injury to the adjoining land of the plaintiff.

*J. Dana & W. C. Farnsworth,* for the plaintiff. 1. James Pratt, by laying out a street through his land, opening it to public travel, and selling lots bounding thereon, did not make a mere private way, nor grant mere private easements; but impliedly made an offer to dedicate such street to public use. *Hobbs* v. *Lowell,* 19 Pick. 405. *Bowers* v. *Suffolk Manuf. Co.* 4 Cush. 332. *Commonwealth* v. *Fisk,* 8 Met. 238. *Underwood* v. *Stuyvesant,* 19 Johns. 181. *Wyman* v. *Mayor &c. of New York,* 11 Wend. 486. Some acts were necessary on the part of the public to indicate their acceptance of the street dedicated to their use. 2 Greenl. Ev. § 662. *Larned* v. *Larned,* 11 Met. 421. *Bowers* v. *Suffolk Manuf. Co.* 4 Cush. 332. *Hemphill* v. *Boston,* 8 Cush. 195. *St.* 1846, *c.* 203. In this case, the town, by accepting part only of the street, unequivocally rejected the other part.

2. There are no express grants or covenants in Pratt's deeds of any right of way or street; nothing to show that the plan was referred to for the width of the street; the description of Youle Street as " a forty feet street " excludes all implication of intent to grant or covenant anything more; and the use of the word " street " (meaning in New England a public highway) excludes any intent to grant a private right of way.

3. The utmost extent of any estoppel by Pratt's deeds is to preclude Pratt or his representatives from denying that there was at the time of their execution and delivery of the deeds such a street as was designated by them. If there was then

such a street existing as was laid down on Pratt's plan, the town might afterwards alter or discontinue it, and did discontinue the part not included within the forty feet of width. *Commonwealth* v. *Westborough,* 3 Mass. 406. *Valentine* v. *Boston,* 22 Pick. 75.

4. The alteration of Vinton Street by the county commissioners relieved a piece of land adjacent to the premises from the servitude of the public right of way, placed a permanent obstruction to the use of any way over the premises, and would therefore extinguish any private way in the premises. *Hancock* v. *Wentworth,* 5 Met. 446.

*S. Wells & J. Humphrey,* for the defendants.

This case was decided in June 1858.

DEWEY, J. The position taken by the defendants, that where land is conveyed which is situate on a street or way, and reference is made in the deed of conveyance to a plan on which said street is delineated, the plan exhibited at the sale, and subsequently recorded by the grantor in the registry of deeds, is made a part of the deed, and estops the grantor and those claiming under him to deny the existence of the street as delineated on the plan, is well maintained by authority and sound in principle. *Morgan* v. *Moore,* 3 Gray, 319. *Thomas* v. *Poole,* 7 Gray, 83. *Rodgers* v. *Parker, post,* 445. *Livingston* v. *Mayor &c. of New York,* 8 Wend. 98.

That the facts stated bring the present case within the rule is also very clear. Both parties claim title under James Pratt; the defendants by a title prior in time, if their deed will avail them to the extent claimed. Before making his deed to the defendants, Pratt caused to be made a plan of certain real estate owned by him, laying out the same into streets and house lots, and sold the lots so laid out by public auction, using and distributing such plan at the time and place of sale. A copy of said plan was duly entered upon the books of the registry of deeds. Pratt, in his deed of certain lots, including this, to Lucius Beebe, the grantor of the defendants, made a reference to said plan, and recited that " a copy of said plan is deposited in the registry of deeds for the purpose of reference," and the

land conveyed was also bounded on streets laid down and described on the plan.

If the streets, as laid out and delineated on the plan, are, by the effect to be given to such plan, and the deeds referring to it, to be kept open as streets to the extent in width delineated on the plan, and the right to demand this attaches to the owners of lots not only as to so much of the street as the particular estate of each individual is bounded upon, but also to all the lots in the same tract or parcel, the defence is well maintained. In the opinion of the court, such would be the rule as applicable to the case of a sale of house lots described upon a plan with streets accompanying the same.

As to the question presented in this broad aspect there can be no doubt. The only ground for doubt in the present case is that arising from the particular description in the deed, " beginning at a point on a forty feet street laid down on said plan and called Youle Street." It is urged on the part of the plaintiff that the deed of Pratt to Beebe, and the rights acquired under the same, are fully satisfied by leaving a street forty feet in width ; and therefore that all beyond forty feet might be withdrawn from the street or avenue, and attached to any adjacent lots, or be inclosed by a fence. It is admitted that, in reference to the particular parcel of land conveyed to Beebe, the width of the street immediately adjacent to the land conveyed was described on the plan as forty feet. But above the lots sold to Beebe, the lines of the street, as laid down on the plan, diverged, and exhibited the easterly part of Youle Street as seventy feet in width, indicating the eastern entrance from Vinton Street upon Youle Street to be of that width. The plan exhibited a location of twenty-three lots offered for sale, all located on the plan with accompanying streets. Upon the plan will be found, in reference to certain other streets, a memorandum " that the lines may vary slightly from the plan ; " but no such suggestion is indicated as to Youle Street. On the contrary, the location of lot No. 16, the more eastern of the lots, and that extending to Vinton Street, indicates by its southerly line being drawn parallel to the deviated line in Youle Street, where it is extended to sev-

enty feet, that Youle Street was to be permanently as laid down on the plan, and of the width of seventy feet at the entrance from Vinton Street, and gradually diminishing to forty feet.

The locations on the plan, as exhibited at the time of the sale, and recorded in the registry of deeds, and referred to in the various deeds, accompanied by the other circumstances which we have stated, must fix the rights of the purchasers of these lots and of each of them to have Youle Street kept open of the width indicated by the plan.

The next inquiry is, whether the location of a town way of the width of forty feet, embracing so much of the wide street delineated on the plan, does not limit the rights of those holding under Pratt's deeds to a street of forty feet in width, and thereby restore to Pratt the entire interest in the residue disincumbered from the easement fixed upon it by the plan making it a part of Youle Street and an open avenue. We think it does not have that effect. The right to have a street of the width and in the direction indicated in the plan was a part of the contract between Pratt and his grantees, the purchasers of the twenty three lots delineated on the plan, with their accompanying streets.

The suggestion on the part of the plaintiff that this was nothing originally but a dedication of land to the public for a public way, and that the public authorities having only accepted and located forty feet of the same as a way, the residue reverts to the original owner, is not well authorized. The rights of the purchasers of house lots bounded by the streets laid out on this plan are something more than a dedication to the public, to be accepted or rejected at the discretion of the public authorities. The streets delineated on the plan were secured to them and their estates, irrespective of their being laid out by any public authority. The rights of those purchasing land on Youle Street were coextensive with the street as laid out on the plan, and were not diminished by reason of a part of the space being afterwards embraced in a located public way.

The action of the county commissioners, making an alteration in the line of Vinton Street near Youle Street, does not

affect the rights of the defendants as to Youle Street being kept open. It may materially affect the value and importance of the easement, but not the right itself. ·

*Judgment for the defendants.*